GEORGE WALKER, Mayor, City of Winter Garden, *et al.,*
v. STATE, *ex rel* ROGER W. BABSON.

168 So. 1.
Division A.
Opinion Filed May 2, 1936.

*Joe Scott Kirton,* for Plaintiffs in Error;
*Touchton & Crittenden,* for Defendant in Error.

DAVIS, J.—By final judgment awarding a peremptory writ of mandamus against the respondents below, the officials of the City of Winter Garden were required to levy and assess at the earliest time permitted by law a special ad valorem tax upon all taxable property in the City of Winter Garden sufficient to pay certain described bonds belonging to relator, taking into consideration the amount of taxable property upon the current tax roll; to diligently collect the same and take all lawful steps for the enforcement thereof, at the earliest time permitted by law; to keep the funds so collected as a result of such special tax separate and distinct from other funds of said City of Winter Garden, and to appropriate and pay the same to relator upon the presentation and surrender of relator's bonds and interest coupons for the payment of which said special tax was demanded. Upon writ of error the plaintiffs in error challenge the correctness of that judgment.

The City of Winter Garden is a municipality created and existing under and by virtue of Chapter 6798, Acts 1913, and Acts amendatory thereof. The bonds sued on were issued by the obligor city pursuant to a statutory requirement that if not paid at maturity, that a special tax would be levied by the city to pay them. The amended alternative writ shows that the city had been in default on its bonded indebtedness, including that of relator, since 1932. The allegation to that effect was not denied by the respondents. Chapter 13555, Special Acts 1927 (Section 8), affirmatively required the City Council to ascertain, determine and levy a tax for the interest on any bonds of the City outstanding and for the payment of the principal of such bonds—an inescapable duty that was imposed upon the plaintiff in error by law, the performance of which duty it was the object of these mandamus proceedings to coerce.

The judgment follows the amended alternative writ of mandamus. That writ commands nothing more than the law itself ordains shall be carried into execution for relator's benefit. To accomplish the law's execution, the relators were entitled to sue in proceedings of this character when the bonds became in default and in such suit to be awarded a peremptory writ conformable to such alternative writ proposed as would make the relief sought an efficient remedy for the default complained of on respondents' part. Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 879, and similar cases.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.